UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAKAN YUCESOY, on behalf of himself and others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES.<br><br>           Defendants. | NO. _____ |

**DEFENDANTS' EMERGENCY MOTION TO QUASH DEPOSITION NOTICE OR IN THE ALTERNATIVE MOTION FOR A PROTECTIVE ORDER**

Defendants Uber Technologies, Inc., Travis Kalanick, and Ryan Graves (collectively, "Uber" or "Defendants") hereby move this Court to quash Plaintiff's notice of deposition setting *his own* deposition for Thursday, January 22, 2015, or in the alternative, for a protective order, pursuant to Fed. R. Civ. P. 26(c)(1)(B), preventing Plaintiff Hakan Yucesoy ("Plaintiff") from conducting his own deposition at this early stage of the proceedings. This motion is based on the fact that Plaintiff's notice of deposition is procedurally defective and, even if it were not, the taking of Plaintiff's own deposition at this time would result in unwarranted and significant prejudice to Defendants. Defendants have conferred with Plaintiff's counsel to no avail, and as the deposition was noticed to take place in this district, Defendants may file with this Court. Fed. R. Civ. P. 26(c)(1).

## I.  PRELIMINARY STATEMENT

Last week, without any advanced notice and while the parties were waiting for a ruling on the then-pending unopposed motion to transfer, Plaintiff emailed a notice of deposition setting

*his own* deposition for Thursday, January 22, 2015.[1] He did this ostensibly because, despite having filed a putative class action lawsuit against Uber, he now has elected to leave the United States for an unspecified period of time. As an initial matter, this Court should quash the notice of deposition based on the simple fact that this case has been transferred and is no longer pending before it. Any attempt to force the deposition of the named Plaintiff in Massachusetts is baseless and unenforceable. The attempt to depose Plaintiff is further deficient on the procedural grounds that the notice provided was unreasonable and not properly served, and the necessary "certification" purportedly justifying the deposition is inadequate.

   Even if the notice was not procedurally defective, good cause exists to grant Defendants' alternative motion for a protective order. Indeed, allowing the deposition to proceed as noticed would result in significant prejudice to Defendants. First, after removing this action, Defendants filed a motion to dismiss or in the alternative to transfer because Plaintiff failed to honor his agreement to litigate his claims against Uber in California. Plaintiff did not oppose the transfer—conceding California was the agreed upon venue. If the Court were to allow this deposition to proceed, it would deny Uber the benefit of its bargain with Plaintiff, and allow Plaintiff to benefit from his intentional improper filing of this action in a place other than where he agreed to file. Given that the motion to transfer was unopposed, and the order granting the motion was only issued on Friday, January 16, 2015, this Court should stay the deposition so that the California Court can decide the circumstances under which Plaintiff's deposition will take place.

   More fundamentally, Defendants are simply not able or prepared to depose Plaintiff at this time. Because this case was initially filed in Massachusetts, Defendants retained Boston

---

[1] There is no current agreement between the parties to accept service by email, except by Court order for filings made through the ECF system.

based counsel to represent them.  However, with the transfer of the case to California, lead counsel for this matter will be based in California and is not able to take Plaintiff's deposition due to other work commitments.  Defendants' local counsel similarly has other work conflicts that will prevent her from taking Plaintiff's deposition on the date noticed.  Moreover, no meaningful disclosures or discovery has taken place.  Indeed, waiting for a ruling on the motion to transfer and the actual transfer, the parties have not conducted their required rule 26(f) conference, and with the exception of Plaintiff having served his bare-bones initial disclosures in connection with the notice of deposition, have not engaged in any meaningful discovery.  Given the importance of the deposition of the sole named Plaintiff, Defendant should not be forced to take Plaintiff's deposition under circumstances where it is not in its own judgment prepared to do so.

  Third, there is no real need for Plaintiff to take his own deposition now. Plaintiff is not some third party who will be beyond the reach of the Court or his counsel if he leaves the county. This is Plaintiff's case, and therefore the Court retains jurisdiction over Plaintiff and has a means to compel his participation.  Indeed, this is not just Plaintiff's case but a putative class action, which requires Plaintiff's ongoing obligations to participate in the litigation and represent the interest of other putative class members.  Plaintiff cannot simply secret himself away from the litigation and only participate on terms convenient to him – he started this.  Ostensibly, Plaintiff's counsel's purpose for deposing her witness is to preserve his testimony.  Through the use of the Internet and the telephone, however, Plaintiff will still be in position to submit declarations.   So, as his counsel has admitted, he has no substantive reason to force his deposition now. Moreover, when Defendants do notice Plaintiff's deposition, he can at that time seek from the California Court an order with respect to the terms and conditions of that

deposition. If, at that time, he contends he is unable to appear for deposition in California, the California Court can determine whether such a motion has merit or not.

## II. FACTUAL BACKGROUND

Plaintiff and Uber entered into a valid, commercial agreement in January 2014, the terms of which governed Uber's provision of lead-generation services to Plaintiff as a transportation provider. Dkt. No. 7, pp. 1-2. This agreement contained an enforceable forum selection clause requiring all disputes to be litigated in the state and federal courts in San Francisco, California.

Plaintiff filed the present action on behalf of himself and others similarly situated in the Massachusetts Superior Court on June 26, 2014, alleging, *inter alia*, that Uber misclassified him and other putative class members as independent contractors, rather than employees. Uber removed the case to this Court on October 21, 2014. Dkt. No. 1. Plaintiff is the sole named Plaintiff in this matter.

Uber moved on October 28, 2014 to dismiss the present matter, or in the alternative, to transfer venue to the United States District Court for the Northern District of California, citing the enforceable forum selection clause as the basis for the requested relief. Dkt. No. 7. Uber also argued that this matter is related to O'Connor et al. v. Uber Technologies, N.D. Cal. Docket No. 13-03826-EMC and should therefore be assigned to the honorable Edward M. Chen.

Three days later on October 31, 2014, Plaintiff served his response to Uber's Motion whereby he agreed to the venue transfer. Dkt. No. 8. Specifically, he stated "Having considered the matter, Plaintiffs hereby state they do not oppose Defendants' request for a transfer of this case to the Northern District of California, as a related case to O'Connor." Id.

On the evening of January 12, 2015, Counsel for Plaintiff sent counsel for Uber an email communication attaching a notice of deposition for Plaintiff on January 22, 2015. See

Declaration of Lisa Stephanian Burton ("Burton Decl."), ¶ 2, Ex. 1.  In this email, Plaintiff's counsel explained: "As noted in our notice, he will be leaving the country soon, and so we plan to have him sit for deposition before he leaves."  Id.

On January 16, 2015, Plaintiff's counsel and defense counsel participated in a telephone call, during which defense counsel expressed its concerns regarding Plaintiff's counsel's strategy and its objection to the noticed deposition.  Burton Decl. ¶ 3.  During the call, Plaintiff's counsel represented to Uber's counsel that Plaintiff voluntarily intends to depart the United States on January 27, 2015 to stay with friends and family without plans to return to this country for at least one year.  Id.  Moreover, defense counsel learned that Plaintiff has yet to secure employment overseas and will be unavailable for examination in the United States.  Id.

On January 17, 2015, defense counsel sent Plaintiff's counsel a letter, pointing out the numerous deficiencies in the deposition notice and explaining why they would not agree to Plaintiff's unilateral demands.  Id.  ¶ 4.  Defense counsel further asked Plaintiff's counsel to withdraw her deposition notice, explaining that it would have no choice but to file the present Motion should she refuse.  Id.

In response, Plaintiff's counsel offered a series of untenable solutions, including taking Plaintiff's deposition via videoconference in Istanbul, Turkey and requiring Uber's counsel to cancel previously-scheduled commitments without sufficient time to prepare to depose Plaintiff.  Id.  ¶ 5.

## III. PLAINTIFF'S DEPOSITION NOTICE SETTING HIS OWN DEPOSITION SHOULD BE QUASHED BECAUSE IT IS PROCEDURALLY DEFECTIVE[2]

### A. *This Matter Is No Longer Pending In Massachusetts.*

This Court transferred this action to the Northern District of California on January 16, 2015 and closed the matter on January 20, 2015. Dkt. No. 16. As such, no cause of action exists in Massachusetts under which Plaintiff may depose himself. Should Plaintiff wish to depose himself at this stage of the proceedings, he must issue notice in the Northern District of California pursuant to the local rules applicable in that jurisdiction. Any disputes arising from such notice are now under the purview of that Court. This Court should accordingly quash the present deposition notice as it lacks any enforceability.[3]

### B. *Plaintiff Failed To Provide Defendants With Adequate Advance Notice Of His Deposition.*

Plaintiff emailed defense counsel his deposition notice on January 12, 2015, listing a date of January 22, 2015 for the deposition. First, there is no agreement in this case regarding service of deposition notices via email. As such, the notice is defective. Moreover, a deposition must not be used against a party who, having received less than 14 days' notice of the deposition promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken. See Fed. R. Civ. P. 32(a)(5). Here, Defendants' present Motion effectively prevents Plaintiff from using any testimony taken on January 22, because he failed to provide Defendants

---

[2] The following sections are an illustrative, not exhaustive, set of arguments as to why Plaintiff's deposition should not proceed.

[3] Pursuant to Fed. R. Civ. P. 26(c)(1), this Court has jurisdiction to hear this motion on the basis that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."

at least 14 days' notice. To permit Plaintiff to take it would therefore amount to a waste of resources and time.

### C. *Plaintiff's Deposition Notice Is Improper Under The Applicable Rules.*

Fed. R. Civ. P. 30(a)(2)(A)(iii) allows a party to take a deposition before the time specified in Rule 26(d), i.e., before the parties have conferred pursuant to Rule 26(f), if the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time.  Plaintiff has not made the requisite showing that he will be unavailable for examination.  The notice of deposition states merely that Plaintiff is "expected to leave the country at the end of the month … and will be unavailable for examination in this country for a lengthy period[.]"  The notice is void of any "supporting facts" or particularities, including, but not limited to, his date of departure, his destination, the reason for his departure, the length of his absence, and importantly, why he will be unable to travel back to the United States for examination.  See Burton Decl. ¶ 2, Ex. 1. Therefore, the deposition notice falls short of establishing the Plaintiff can be deposed pursuant to Fed. R. Civ. P. 30(a)(2)(iii).  See King v. O'Reilly Auto. Stores, Inc., No. C13-1220JLR, 2013 WL 4511476, at *3 (W.D. Wash. Aug. 22, 2013) (finding that plaintiff's notice of deposition contains no certification or supporting facts for conducting an early deposition under Fed. R. Civ. Pro 30(a)(2)(A)(iii)); see also Sinclair Nat'l Bank v. Office of the Comptroller of the Currency, No. 00-2398HHK/DAR, 2000 WL 34012862, at *1 (D.D.C. Dec. 18, 2000) (same).

## IV. **DEFENDANTS WOULD BE UNFAIRLY PREJUDICED IF PLAINTIFF'S DEPOSITION WERE ALLOWED TO PROCEED AT THIS TIME AND THEREFORE GOOD CAUSE EXISTS TO ISSUE A PROTECTIVE ORDER STAYING THE DEPOSITION[4]**

Expedited discovery is not the norm. Rather, courts apply either a preliminary injunctions type analysis or a good cause standard in determining whether expedited discovery is warranted. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002). The Northern District of California uses a good cause standard which provides that good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. Id. at 276. Here, and for the reasons stated below, Plaintiff's supposed "need" for expedited discovery is hardly outweighed by the prejudice any expedited discovery would cause to Defendant. See, e.g., Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 532 (E.D.N.C. 2005) (finding that expedited discovery was not reasonable, in part, because party did not make an adequate showing that it will be irreparably harmed by delaying the broad-based discovery requested until after the initial conference between the parties pursuant to Rule 26).

### A. *Defendants Are Not Able To Take Plaintiff's Deposition As Noticed Due To Other Work Obligations.*

Uber is not able or prepared to depose Plaintiff at present. The parties have yet to participate in a Rule 26(f) planning conference due to the recently-granted motion to transfer and therefore, Defendants have yet to serve discovery on Plaintiff.[5] Defendants would therefore be

---

[4] The following sections are an illustrative, not exhaustive, set of arguments as to why Plaintiff's deposition should not proceed.

[5] Although no discovery has been served in this case, indeed, no early meeting of counsel has been initiated by plaintiff or conducted, on January 16, 2015, Plaintiff served "discovery responses" and documents which she claimed were responsive to discovery requests Uber served in a different case, O'Connor, under California law. These responses are of no consequence here. Moreover, Defendants have not been able to conduct discovery as to third parties who may have material information pertinent to Plaintiff's deposition.

substantially prejudiced if they were forced to examine Plaintiff, under oath, without the opportunity to serve discovery and an equal opportunity to review Plaintiff's responses thereto.

Additionally, Robert Jon Hendricks will be lead counsel for Defendants in this matter in California. He is lead counsel for Uber in the O'Connor matter pending in California and took and defended all of the depositions in that case. Uber has directed Attorney Hendricks to take necessary depositions, including that of the Plaintiff in this case. Attorney Hendricks is resident in San Francisco, California and simply does not have the ability to rearrange his schedule to depose Plaintiff in the short window offered by Plaintiff's counsel.[6]

### B. *Defendants Are Not Prepared to Take Plaintiff's Deposition as Noticed Because They have Not Been Able To Conduct Discovery.*

A deposition is one of the most significant discovery tools because it allows an opposing party to directly question a witness, and obtain responses in real time. "[D]epositions . . . are particularly valuable tools because they allow for face-to-face inquiries and are conducted to probe into all causes of the action." 49 Am. Jur. Trials 171. See also Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., 201 F.R.D. 33, 40 (D. Mass. 2001) ("A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness."); U.S. v. Kattar, 191 F.R.D. 33, 38 (D.N.H. 1999) ("the purpose of depositions is to determine what the witness saw, heard, knew and thought "through a question and answer conversation between the deposing lawyer and the witness.") (internal citations and quotations omitted).

---

[6] Uber has already been forced to bear the expense of engaging Attorneys Lisa Burton and Peter Mee as local counsel in Massachusetts in a case that Plaintiff admits he never should have brought in this jurisdiction. First, because of commitments in other matters, Attorney Burton is unavailable to depose Plaintiff on the date noticed by Plaintiff's counsel. Moreover, it would be exceedingly inequitable to require Attorney Burton to spend numerous hours "getting up to speed," reviewing Plaintiff's lengthy "discovery responses," and familiarizing herself with the O'Connor case—a case on which Plaintiff heavily relied in serving his purported "discovery responses" but which Attorney Burton is not counsel of record—to take Plaintiff's deposition in Massachusetts. Put another way, Defendants are entitled to utilize an attorney of their choosing to take Plaintiff's deposition. That attorney is Mr. Hendricks, who should take Plaintiff's deposition in California, where he is admitted and this case is now pending.

Defendants are not presently in a position to examine Plaintiff at a deposition. The parties have yet to confer pursuant to Rule 26(f), participate in a Rule 16 conference, or exchange any substantive written discovery. These steps are necessary for Defendants to adequately prepare for Plaintiff's deposition – especially considering the potential magnitude of this class action.

### C. *Plaintiff Does Not Have A Valid Reason For Taking His Own Deposition.*

Plaintiff must remain in contact with his attorneys to meaningfully prepare for this case. This notion is particularly true given the class action nature of the matter, where the Plaintiff agreed to substantial obligations as the named class representative.[7] To the extent Plaintiff needs to submit evidence, he can submit a declaration. Defendants, however, are allowed to depose Plaintiff as the lead questioner at a time of their choosing under the Federal Rules of Civil Procedure. If Plaintiff is no longer interested in participating in this case, he should dismiss the action. He should not and cannot be permitted to foist a one-sided deposition upon Defendants simply because he wishes to leave the United States.

## V.   CONCLUSION

For the above-stated reasons, Defendants request the Court to enter an emergency protective order preventing Plaintiff from taking his deposition on January 22, 2015 and specifying that all further proceedings in this matter should be filed with the United States District Court for the Northern District of California. Defendants also request the Court to award their attorneys' fees and costs associated with the preparation of this Motion pursuant to Fed. R. Civ. P. 37(a)(5).

---

[7] While not dispositive to the present Motion, Plaintiff's professed lengthy absence from this country calls into question his adequacy as a class representative in this action.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Defendants respectfully requests oral argument on this Motion.

Dated: January 20, 2015   Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Lisa Stephanian Burton*
Lisa Stephanian Burton (BBO 562016)
Peter J. Mee (BBO 677081)
225 Franklin Street, 16th Floor
Boston, MA 02110
Telephone: 617.341.7700
Facsimile: 617.341.7701
lburton@morganlewis.com
pmee@morganlewis.com

*Robert Jon Hendricks
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: 415.442.1204
Facsimile: 415.442.1001
rhendricks@morganlewis.com

*Attorneys for Defendants*
*Pro Hac Vice Application Filed

## LOCAL RULE 7.1(A)(2) AND 37.1(B) CERTIFICATION

    I, Lisa Stephanian Burton, hereby certify on behalf of Defendants that we have in good faith conferred with counsel for Plaintiff in advance of this filing in attempt to resolve or narrow the issues herein.  The parties were unable to come to a resolution on this matter.

                                              */s/ Lisa Stephanian Burton*
                                              Lisa Stephanian Burton

## CERTIFICATE OF SERVICE

    I hereby certify that on January 20, 2015, I electronically filed the above document with the Clerk of Court using the CM/ECF system and sent notification of such filing to the following counsel of record by e-mail and overnight Federal Express:

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
sliss@llrlaw.com

                                              */s/ Lisa Stephanian Burton*
                                              Lisa Stephanian Burton

DB2/ 25709755.2